IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHRISTOPHER OWENS,

     Petitioner,

v.                                 CASE NO. 5:14-cv-266-RH-GRJ

SECRETARY, DEP'T
OF CORRECTIONS,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

     This case is before the Court on ECF No. 1, Petitioner's *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition stems from Petitioner's Bay County jury conviction for trafficking in cocaine, possession of less than twenty grams of marijuana, and possession of drug paraphernalia, for which he was sentenced to thirty years' imprisonment. Petitioner asserts five grounds of ineffective assistance of trial counsel and one ground asserting violation of his right to due process. (ECF No. 1.) Respondent filed a response and appendix with relevant portions of the state-court record, arguing that the Petition should be denied because Petitoner's claims are unexhausted, procedurally defaulted, and without merit. (ECF No. 13.) Petitioner has filed a reply,

(ECF No. 18), and the Petition is therefore ripe for review. Upon due consideration of the Petition, the response, the state-court record, and the reply, the undersigned recommends that the Petition be denied.[1]

## **State-Court Proceedings**

On January 27, 2006, the Bay County Sheriff's Office arranged an attempted sale of cocaine from Petitioner using a confidential informant ("CI"). (ECF No. 14-1 at 12.) Through telephone conversations, Petitioner and the CI arranged to facilitate the sale at a Save-A-Lot convenience store. (*Id.*) Petitioner arrived driving a white Ford Expedition. (*Id.*) A search of the vehicle revealed cocaine, marijuana, and a large digital scale. (*Id.*) Petitioner was then charged in case number 06-0318B with: (1) trafficking in cocaine, in violation of Fla. Stat. § 893.135 (2006); (2) attempted sale or delivery of cocaine, in violation of Fla. Stat. § 893.13(1)(a) (2006); (3) aggravated battery on a police officer, in violation of Fla. Stat. §§ 775.0823(9), 784.045(1)(a), and 784.07(2)(d) (2006); (4) possession of marijuana less than 20 grams, in violation of Fla. Stat. § 893.13(6)(b) (2006); and (5) possession of drug paraphernalia, in violation of Fla. Stat. §

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

893.147(1)(b) (2006). (*Id.* at 22–23.)[2]

The State then filed an amended information on March 16, 2007, charging Petitioner with: (1) trafficking in cocaine, in violation of Fla. Stat. § 893.135; (2) attempted sale or delivery of cocaine, in violation of Fla. Stat. §§ 777.04(1), 893.13(1); (3) aggravated battery on a police officer, in violation of Fla. Stat. §§ 775.0823, 784.045, and 784.07; (4) possession of less than 20 grams of marijuana, in violation of Fla. Stat. § 893.13; and (5) possession of drug paraphernalia, in violation of Fla. Stat. § 893.147. (*Id.* at 69–70.)

On July 5, 2007, Petitioner's trial counsel, Mr. Peacock ("Mr. Peacock") filed a motion to dismiss the amended information on behalf of Petitioner. (ECF No. 14-1 at 106–09.) On August 8, 2007, Mr. Peacock also filed a motion to suppress the evidence seized in Petitioner's case. (ECF No. 14-1 at 115–17.) The trial court held a hearing on the motion to suppress on September 11, 2007, and denied the motion. (*Id.* at 219–27.)

The State therafter filed a second amended information on September 14, 2007, charging Petitioner with: (1) trafficking in cocaine, in violation of Fla. Stat. § 893.135; (2) aggravated battery on a police officer,

---

[2] The page numbers for the exhibits to which the Court cites refer to the ECF page numbers at the top of the page.

in violation of Fla. Stat. §§ 775.0823, 784.045, and 784.07; (3) possession of less than 20 grams of marijuana, in violation of Fla. Stat. § 893.13; and (4) possession of drug paraphernalia, in violation of Fla. Stat. § 893.147(1)(a). (*Id.* at 123–24.)

Petitioner's case proceeded to trial on September 19, 2007. Although Mr. Peacock moved for a judgment of acquittal after the State's case in chief, the trial judge denied the motion. (ECF No. 14-2 at 217–224.) The jury found Petitioner guilty of trafficking in cocaine over 200 grams but less than 400 grams, as charged, possession of less than 20 grams of marijuana, as charged, and possession of drug paraphernalia, as charged. (ECF No. 14-1 at 128–40.) Petitioner was sentenced to a term of 30 years' imprisonment and a $100,000 fine. (*Id.* at 142–47.)

Petitioner appealed to the First District Court of Appeals ("First DCA"). Petitioner's appellate counsel, Steven Seliger, raised one issue on appeal: whether the trial judge erred in denying Petitioner's motion for judgment of acquittal as to possessing the drugs and scale. (ECF No. 14-2 at 301–27.) On December 4, 2008, the First DCA per curiam affirmed without written opinion and the mandate followed on January 7, 2009. (*Id.* at 360–62.)

Petitioner filed a *pro se* motion for postconviction relief on October 27, 2009. (ECF No. 14-3 at 1–17.) The motion presented three grounds for relief: (1) Mr. Peacock rendered ineffective assistance of counsel for failing to conduct a proper pretrial investigation and failing to depose an essential state witness, Richard Jones; (2) Due process violation based upon law enforcement's coercion of the central witness into providing false testimony; and (3) Mr. Peacock rendered ineffective assistance of counsel for failing to file a motion to suppress evidence based on the CI's consent to make recorded phone calls to Petitioner to set up the drug deal having been involuntary or induced by threats or coercion. (*Id.*)

The trial court struck Petitioner's motion for postconviction relief on November 24, 2009, as facially insufficient but granted leave to amend. (*Id.* at 96.) Petitioner then obtained postconviction counsel, Michael Ufferman, on January 15, 2010. (*Id.* at 101–02.)

Petitioner, through Mr. Ufferman, filed an amended supplement to his original postconviction motion on August 2, 2010. (*Id.* at 120–26.) The amended supplement amended ground one, added ground five, and maintained all other grounds in his original motion. (*Id.*)

On August 25, 2010, the trial court summarily denied ground two of Petitioner's original postconviction motion, ground five raised in his

supplement, and the portion of ground one stated in the his original postconviction motion, and ordered the State to respond to the remaining grounds. (*Id.* at 260–61.)

Petitioner then filed a motion to amend and add a fourth ground for postconviction relief. (*Id.* at 223–41.) Petitioner's fourth ground asserted Mr. Peacock rendered ineffective assistance of counsel by making highly volatile and derogatory comments regarding the state's witnesses during his opening statement. (*Id.*) The trial court granted the motion to amend on April 29, 2011. (*Id.* at 242.)

Then on February 3, 2012, the trial court summarily denied the remaining grounds in Petitioner's motion for postconviction relief. (*Id.* at 253–57.)

On February 21, 2012, Petitioner filed a motion for rehearing on the denial of his motion for postconviction relief, arguing that chapter 893, Florida Statutes, is unconstitutional in light of the recent decision in *Shelton v. Secretary, Dep't of Corrections*, 802 F. Supp. 2d 1289 (M.D. Fla. 2011). (ECF No. 14-4 at 200–24.) Petitioner subsequently filed an amended motion for rehearing on April 5, 2012. (*Id.* at 238–63.) The trial court dismissed Petitioner's amended motion for rehearing on August 28, 2013, as untimely. (*Id.* at 264–66.)

On September 26, 2013, Petitioner appealed the trial court's summary denial of his postconviction motion. (*Id.* at 270–71.) The First DCA per curiam affirmed without written opinion on April 16, 2014, and the mandate followed on April 16, 2014. (*Id.* at 274–81.) Petitioner then filed the instant petition for writ of habeas corpus. (ECF No. 1.)

## Scope of Federal Habeas Review

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. *Williams v. Taylor*, 529 U.S. 362, 403–04 (2000). Under section 2254(a), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Additionally, federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* § 2254(d)(1). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054–55

(11th Cir. 1983).

Moreover, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 120–21 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). A federal writ of habeas corpus is only available in cases of federal constitutional error. *See Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir. 1993); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir. 1990). The limitation on federal habeas review applies with equal force when a petition, which truly involves only state law issues, is "couched" in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216

(11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence—which is also constitutionally protected—and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a

defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

When the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington*, 562 U.S. at 102. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 562 U.S. at 100 (quotation marks omitted). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask

whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 105. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

## **Discussion**

### ***Ground One: Ineffective assistance of trial counsel for failing to conduct a sufficient pre-trial investigation***

Petitioner contends Mr. Peacock was deficient for failing to depose Richard Jones, a state witness who testified at trial, and failing to call two defense witnesses at trial—Tonya Mitchell and Lawrence Owens. Petitioner says Ms. Mitchell and Mr. Owens' testimony would have refuted Mr. Jones' testimony that after purchasing the Expedition, he immediately relinquished the vehicle to Petitioner that same day approximately one year prior to Petitioner's arrest. Petitioner claims that Mr. Jones did not relinquish the vehicle to him until the morning of his arrest, that the contraband found within the vehicle was not Petitioner's, nor was he aware of the contraband. Petitioner says that had Ms. Mitchell and Mr. Owens testified at trial, the outcome of his case would have been different. Petitioner presented this claim in ground one of his original motion for postconviction relief and ground one of his amended supplement.

Turning first to Ms. Mitchell and Mr. Owens, after thoroughly setting forth the standard for ineffective assistance of counsel claims under *Strickland*, the state court denied this claim on the merits and wrote:

> Because of the overwhelming evidence presented at trial establishing the Defendant's guilt, the Court finds there is not a

reasonable probability that, but for counsel's failure to call the witnesses, the result of the trial would have been different. At trial, a confidential informant (C.I.) For the State, Pamela Washington, identified the Defendant's voice in a recorded phone call to set up a drug deal between the C.I. and the Defendant. . . . . The Defendants showed up at the agreed upon location and time for the drug deal and attempted to flee when law enforcement tried to arrest him. . . . . After he was arrested, the vehicle the Defendant was driving was searched and drugs were found. . . . . Even though the Defendant did not own the vehicle he was driving, nor where there any fingerprints on the drugs that matched those of the Defendant . . . there was no one else in the vehicle . . . and the owner of the vehicle testified that the Defendant had been in possession of the vehicle for nearly a year until the time of his arrest. . . . . Notwithstanding the lack of matchable fingerprints on the drugs found in the vehicle, there was overwhelming evidence for the jury to find that the drugs in the vehicle belonged to the Defendant.

(ECF No. 14-3 at 254–55.) Because the state court clearly applied

*Strickland* to Petitioner's claim, Petitioner must show that the state court's

decision was an unreasonable application of federal law. He cannot meet

this heavy burden.

As the state court explained, notwithstanding Mr. Jones' testimony,

there was nonetheless overwhelming evidence from which the jury could

conclude Petitioner was guilty of the offenses. Particularly, the CI testified

that it was Petitioner with whom she spoke to on the phone call to set up

the drug deal. (ECF No. 14-3 at 107–08.) Petitioner then showed up in the

vehicle the CI had previously seen Petitioner driving to facilitate the drug

deal. (*Id.* at 103, 136, 151–56.) Drugs were found in the vehicle. (*Id.* at 155–56, 204–06.) Petitioner, therefore, cannot demonstrate that he was prejudiced by the failure to call Ms. Mitchell and Mr. Owens.

Furthermore, decisions whether to call particular witnesses at trial are questions of trial strategy. *United States v. Costa*, 691 F.2d 1358, 1364 (11th Cir. 1982). "Counsel will not be deemed to be constitutionally deficient because of tactical decisions." *Id.*; *Small v. Fla. Dep't of Corrections*, 470 F. App'x 808, 812 (11th Cir. 2012). Other than Petitioner's bare assertions he fails to substantiate the testimony that Ms. Mitchell and Mr. Owens would have allegedly provided at trial. Petitioner's unsubstantiated assertions without more are an insufficient basis for federal habeas relief. *See Small*, 470, F. App'x at 812; *Walker v. Sec'y, Fla. Dep't of Corrections*, 495 F. App'x 13, 17 (11th Cir. 2012) (the burden to show prejudice from counsel's failure to call a witness is heavy because "often, allegations of what a witness would have testified to are largely speculative"). Accordingly, Petitioner cannot demonstrate that Mr. Peacock rendered deficient performance by failing to call Ms. Mitchell and Mr. Owens.

Finally, although Petitioner alleges Mr. Peacock was ineffective for failing to depose Mr. Jones, he fails to explain how this failure amounted to

ineffective assistance. To the extent Petitioner means he would have known whether to accept a plea offer prior to trial based on Mr. Jones' testimony, Petitioner's claim fails. The state court denied this portion of Petitioner's claim:

> [Defendant] acknowledges that Jones' testimony was detrimental. Counsel is not ineffective for failing to take a deposition which would have produced damaging testimony. *Derrick v. State*, 983 So. 2d 443 (Fla. 2008). The Defendant does not claim he did not know the information to which Jones testified, and he does not allege that he would have in fact accepted a plea offer from the State based on Jones' testimony. Accordingly, that portion of ground one stated in the Defendant's original Rule 3.850 motion may be denied on the record before the Court.

(ECF No. 14-3 at 128.)

Petitioner has not demonstrated that the state court's decision was unreasonable. The decision whether to interview, depose, or cross-examine certain witnesses or potential witnesses are tactical choices and are within the standard of competency expected. *Magill v. State*, 457 So. 2d 1367, 1369 (Fla. 1984). Whether Mr. Jones' deposition testimony would have been favorable or unfavorable, a tactical decision not to depose someone does not rise to the level of deficient performance.

Furthermore, there is no evidence in the record that Petitioner ever asked Mr. Peacock to pursue a plea deal or that the State offered

Petitioner a plea deal. To the contrary the record reflects that Petitioner wanted to proceed to trial. After the trial court denied Petitioner's motion to suppress, the following exchange took place:

> Mr. Peacock: All right. Well, Mr. Owens, here's where we are. The Court had its discussion and the State's had their shot at it, I've had my shot at it. We're at a trial posture now. *We've either got to fish or cut bait.* Do we want to go to trial in this case? Is that a yes?
> The Defendant: Yes.
> Mr. Peacock: That's a yes. Looks like we're ready to go to trial, Judge.

(ECF No. 14-1 at 225) (emphasis added). Mr. Peacock's statement that they either have to "fish or cut bait" suggests no plea offer had been made at that time. Petitioner's assertion that he was ready for trial also suggests that Petitioner was not interested in a plea deal.

Mr. Peacock acknowledged on the record at the hearing on Petitioner's motion to suppress that Petitioner did not have "complete access to [the vehicle] just by himself," that he "did have permission to drive it," and that he was the only person in that car "[a]t the time of this incident." (*Id.* at 224.) Similarly, nothing in Mr. Peacock's opening statement suggests that the defense theory rested on Mr. Jones having just turned the vehicle over to Petitioner that morning.[3] Instead, Mr.

---

[3] Nor was there anything in the state's opening statement that would have tipped defense off to the fact that Mr. Jones was going to testify that he had turned the car

Peacock's opening statement focused primarily on law enforcement's use
of the CI. (ECF No. 14-2 at 55–60.) This suggests that defense counsel's
theory of the case did not rest upon Petitioner first obtaining the vehicle
from Mr. Jones the morning he was arrested. Petitioner cannot
demonstrate that he was prejudiced by counsel's failure to depose Mr.
Jones when there is no evidence that Mr. Jones' testimony was a surprise
or that Mr. Jones' testimony negated the defense's theory of the case. And
Petitioner cannot show prejudice because there is nothing in the record
demonstrating that a plea offer had been made, or that Petitioner would
have taken a plea offer.

Accordingly, the state court's adjudication of this claim was not
contrary to or an unreasonable application of clearly established Supreme
Court precedent. Petitioner is not entitled to relief on ground one.

### *Ground Two: Ineffective assistance of trial counsel for failing to demonstrate that the state's witness was illegally coerced into implicating Petitioner*

In ground two, Petitioner claims Mr. Peacock was ineffective for
failing to demonstrate at trial that the CI was coerced into working with the
police. Petitioner says the CI testified at her deposition that the

---

over to Petitioner a year prior, thereby prompting defense counsel to alter his opening
statement. (ECF No. 14-2 at 52–55.)

investigator, Jason Larson, threatened her and pressured her into setting

up the drug deal. Although Mr. Peacock questioned the CI at trial about the

contents of the recorded phone calls arranging the drug deal, Petitioner

says Mr. Peacock failed to elicit testimony regarding the coercion and

threats.

Petitioner presented this claim as ground two of his original motion

for postconviction relief. The state court denied the claim on the merits

because,

> [a]t trial, the Defendant's trial counsel confronted Washington
> with her deposition to elicit testimony to support the
> Defendant's claim that Washington was threatened and
> coerced by law enforcement. In opening and closing
> arguments, defense counsel argued that Washington was used
> by the police who threatened the daylights [out of] a woman
> who was scared to death of them.

(ECF No. 14-3 at 128–29.)

The state court's decision was not an unreasonable application of

*Strickland*. As the state court wrote, Mr. Peacock did cross examine and

impeach the CI at trial regarding the CI's pending felony charges, police

threats, her discomfort when the investigator asked the CI to make a

statement, and the promises made to her in exchange for the CI setting

someone up. (ECF No. 14-2 at 119–29.) Mr. Peacock also emphasized

this testimony in his closing argument. (*Id.* at 278–81.) It is axiomatic that

counsel cannot be deficient for doing what Petitioner says he should have done. Nor could Petitioner have been prejudiced by such. Petitioner has wholly failed to demonstrate that the state court's decision was an unreasonable application of *Strickland*. Accordingly, ground two should be denied.[4]

### Ground Three: Ineffective assistance of trial counsel for failing to seek dismissal of the information via a motion to suppress

In ground three Petitioner claims Mr. Peacock rendered ineffective assistance of counsel by failing to file a motion to suppress the recorded telephone call between Petitioner and the CI. Petitioner says that the information should also have been dismissed because there was no probable cause to charge Petitioner with trafficking in cocaine since the State had no proof that Petitioner had knowledge of the illicit nature of the substance in the vehicle.

Petitioner presented this claim to the state court in ground three of his original postconviction motion. The state court denied the claim on the

---

[4] In his reply, Petitioner contends this Court should hold an evidentiary hearing on this claim because the state court's fact finding was inadequate with respect to this claim. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* In this case, the record blatantly refutes Petitioner's factual allegations. Accordingly, an evidentiary hearing is not necessary.

merits because: (1) Mr. Peacock did file a motion to suppress based on law enforcement allegedly coercing the CI into allowing law enforcement to record her conversation, and (2) the CI voluntarily consented to law enforcement recording her phone calls and, therefore, a motion to suppress based specifically on the alleged lack of consent would have been denied. (ECF No. 14-3 at 255–56.)

Petitioner has failed to demonstrate that the state court's decision was an unreasonable application of *Strickland*. Mr. Peacock did file a motion to suppress raising various arguments, including the argument that the CI was threatened and coerced by law enforcement officers to make phone calls to set up the arrest of other people, that there was a lack of discussion of drugs on the recorded phone calls, and that Petitioner's fingerprints were not found on the drug containers. (ECF No. 14-1 at 115–17.) Mr. Peacock argued that because there was no clear nexus between the alleged contraband and Petitioner, all of the evidence should be suppressed. (*Id.*) Petitioner cannot demonstrate deficient performance when counsel did what Petitioner wanted him to do.

Furthermore, to the extent Petitioner implies that the phone calls were unlawfully recorded, the CI admitted that she agreed to cooperate with law enforcement because it would help her pending felony charges.

The recorded telephone calls followed.

> Under Florida law,
>
> [i]t is lawful . . . for an investigative or law enforcement officer or a person acting under the direction of an investigative or law enforcement officer to intercept a wire, oral, or electronic communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception and the purpose of such interception is to obtain evidence of a criminal act.

Fla. Stat. § 934.03(2)(c) (2006). As the state court concluded, it was lawful for law enforcement to record the calls because the CI consented to have her phone calls recorded. (ECF No. 14-2 at 83–84.) Petitioner cannot demonstrate that counsel rendered deficient performance by failing to raise an argument that would have been rejected. *See Chandler*, 218 F.3d at 1315 (to demonstrate deficient performance a petitioner must show that no competent counsel would have taken the action that his counsel did). Nor can Petitioner demonstrate that he was prejudiced by counsel's failure to raise an argument that would have been denied. And because the recorded phone calls would not have been suppressed on this basis, it follows that the criminal information also would not have been dismissed on this basis. Accordingly, ground three should be denied.[5]

---

[5] Petitioner argues in his reply that the state court failed to apply the standard set forth in *Kimmelman v. Morrison*, 477 U.S. 365 (1986), for claims based on an attorney's failure to properly litigate a motion to suppress. Petitioner, however, does not expand

### Ground Four: Ineffective assistance of trial counsel for making unsubstantiated and tasteless assertions regarding the state's witness in opening statements

In ground four, Petitioner says Mr. Peacock rendered ineffective assistance of counsel by calling the CI a "two-legged orifice" in opening statements.[6] Petitioner claims Mr. Peacocks' reference to the CI, a female, as a two-legged orifice in his argument to the jury—comprised largely of women—diminished defense's credibility by presenting the CI as a prostitute and doomed Petitioner's case. Respondent contends this claim is without merit.

The state court denied this claim on the merits, concluding that counsel's references were not sexual in nature but instead, remarks pertaining to the CI's credibility. (ECF No. 14-3 at 256.) The state court explained, "[w]hile counsel's remarks may not have been the most tactful

---

on this argument. *Kimmelman* does not set forth a different standard for ineffective assistance of counsel claims based upon an attorney's alleged failure to properly litigate a motion to suppress, nor does it change the outcome here. *See* 477 U.S. at 368, 382 (holding the restrictions on federal habeas review of Fourth Amendment claims announced in *Stone v. Powell*, 428 U.S. 465 (1976), do not extend to Sixth Amendment claims of ineffective assistance of counsel where the principal allegation and manifestation of inadequate representation is counsel's failure to file a timely motion to suppress evidence allegedly obtained in violation of th Fourth Amendment).

[6] "Pamela Washington is a young attractive, two-legged orifice. That's what she is. She's not a lady. She was used by the police in this case. . . . . The bottom line though is that two-legged orifice is the focus point in this case. That two-legged orifice is the reason why my client got arrested." (ECF No. 14-2 at 56.)

approach, they were proper attempts to attack her credibility by pointing out that by becoming a C.I. for the State, Washington was selling her services, as a C.I. and by being the "mouth" for the State, in an effort to help herself." (*Id.*) The state court further concluded that Petitioner's claim that the jury was offended, thereby prejudicing Petitioner, was nothing more than speculative. (*Id.* at 257.)

Petitioner has not demonstrated that the state court's determination was an unreasonable application of *Strickland*. As the state court reasonably concluded, Petitioner's claim is wholly speculative. There is no evidence, other than Petitioner's unsubstantiated allegations, that the jury interpreted Mr. Peacock's statements to be sexual or derogatory in nature or that his statements somehow damaged the defense's credibility. Speculation is insufficient to establish an ineffective assistance of counsel claim. Ground four is therefore due to be denied.

### Ground Five: Ineffective assistance of trial counsel for failing to obtain exculpatory evidence

Ground five asserts Mr. Peacock rendered deficient performance by failing to obtain exculpatory phone records. Petitioner says the phone number from which the CI received a phone call and subsequently set up the time and place to meet, was not his phone number. Petitioner says the

state's credibility would have been diminished had counsel demonstrated

this to the jury.

The state court denied this claim on the merits, explaining:

> Washington testified that she knew the Defendant's voice and it
> was the Defendant with whom she spoke when she called the
> second number he gave her, when she set up the drug buy.
> Record evidence that the number was not in the Defendant's
> name would not have changed the outcome of the proceeding,
> because Washington's testimony would still have established
> that it was the Defendant who agreed to participate in a drug
> deal.

(*Id.* at 129.)

Petitioner has failed to demonstrate the state court's ruling was an

unreasonable application of *Strickland*. Even assuming the phone number

was not registered in Petitioner's name, the CI nonetheless testified that

she knew Petitioner's voice and that it was Petitioner with whom she spoke

on the phone to set up the drug deal. (ECF No. 14-2 at 107, 115–16.) The

CI further testified that it was Petitioner who showed up at the arranged

place and time for the drug deal, and was driving the same vehicle that the

person with whom she spoke arranged for the drug deal. Evidence that the

phone number was registered to someone else would have been irrelevant

and would not have changed the outcome. Counsel could not have

rendered deficient performance for failing to obtain irrelevant evidence. Nor

could Petitioner have been prejudiced by the failure to obtain that

evidence. Ground five is therefore due to be denied.

### *Ground Six: The State failed to put forth sufficient evidence to uphold a conviction for trafficking in cocaine in violation of the right to due process*

In ground six, Petitioner claims the State's failure to present sufficient

evidence to convict Petitioner of trafficking in cocaine violated his right to

due process. Petitioner argues that the trial court should have granted his

motion for judgment of acquittal. Respondent asserts, however, that this

claim is unexhausted, procedurally defaulted, and without merit.

Petitioner did not properly exhaust this claim in state court.

Exhaustion of state remedies requires the state prisoner to "fairly present

federal claims to the state courts in order to give the State the opportunity

to pass upon and correct alleged violations of its prisoners' federal rights."

*Duncan v. Henry*, 513 U.S. 364, 365 (1995). This requires the state

prisoner to present the federal constitutional issue to the state court, not

just the underlying facts of the claim or a similar state law claim. *Snowden*

*v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (quoting *Anderson v.*

*Harless*, 459 U.S. 4, 5–6 (1982)); *see Preston v. Sec'y, Fla. Dep't of*

*Corrections*, 785 F.3d 449, 457 (11th Cir. 2015) (petitioner failed to

exhaust his federal due process sufficiency of the evidence claim in state

court where there was no indication that his sufficiency of the evidence claim was a federal one).

On direct appeal Petitioner argued that the trial judge erred in denying Petitioner's motion for judgment of acquittal on the possession charges. (ECF No. 14-2 at 302.) He claimed the evidence demonstrated that he was not in actual or constructive possession of the drugs or scale. (*Id.* at 313-314.) Petitioner argued that his motion for judgment of acquittal should have been granted because the evidence was legally insufficient under Florida law to prove either actual or constructive possession. (*Id.* at 315–25.) There was no mention, however, in Petitioner's brief that Petitioner's right to due process was violated nor any mention of the Fourteenth Amendment, nor were there any citations to federal law. Instead, Petitioner's argument focused solely upon the sufficiency of the evidence under Florida law. This is not sufficient to demonstrate that Petitioner fairly presented his federal claim to the state court. *See Preston*, 785 F.3d at 458–59 (petitioner failed to cite a single federal case, never mentioned the federal Due Process Clause or any other federal constitutional provision, and instead focused squarely on the sufficiency of the evidence under Florida law). "Simply referring to sufficiency of the evidence is not a sufficient reference to a federal claim . . . ." *Id.* at 459

(internal quotations and citations omitted); *see Cook v. McNeil*, 266 F.

App'x 843, 845–46 (11th Cir. 2008) ("Although Florida courts assess the

sufficiency of the evidence under the standard applied in *Jackson v.*

*Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979),

the tenor of Cook's narrow arguments that challenged the characterization

of his knife and the sequence of his actions under the Florida statute did

not bring a federal claim about due process to the attention of the state

appellate court."). Accordingly, the Court concludes that Petitioner failed to

properly exhaust his claim regarding the constitutional sufficiency of the

evidence.[7]

_____

[7] Even assuming Petitioner meant to assert (aside from his right to due process) that the trial court erred in denying his motion for judgment of acquittal based on the sufficiency—or insufficiency—of the evidence, his claim would be a state law issue for which federal habeas relief is not available. A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 7654, 780 (1990)). "Questions of state law rarely raise issues of federal constitutional significance, because 'a state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) (quoting *Carrizales v. Wainwright*, 699 F.2d 1053, 1053–54 (11th Cir. 1983)). Federal habeas relief will only be granted for state law errors if the alleged errors were so critical that they rendered the entire trial fundamentally unfair in violation of the right to due process. *Id.*; *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

Whether the evidence presented in a state criminal trial is sufficient to establish the elements of the crime to withstand a judgment of acquittal is purely a matter of state law. *See Bucklon v. Crosby*, No. 8:04-cv-2303-T-17TGW, 2006 WL 2990449, at *3 (M.D. Fla. Oct. 19, 2006) (citing *Lynch v. State*, 293 So. 2d 44, 45 (Fla. 1974)) ("Under

Petitioner's federal due process claim would now be procedurally barred under state law. *See* Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."). Accordingly, Petitioner's claim is also procedurally defaulted for purposes of federal habeas review.

A procedurally defaulted claim like Petitioner's can support federal habeas relief in only two narrow situations. First, the petitioner may demonstrate cause and prejudice for the default. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). For example, attorney error that constitutes ineffective assistance

---

Florida law, the state trial court should not grant a motion for judgment of acquittal unless the evidence is such that no view in which the jury may lawfully take of it favorable to the opposite party can be sustained under the law."). Although Petitioner argues that the evidence proved he was not in actual possession of the drugs and further, was insufficient to prove constructive possession, such is a matter of state law solely within the province of the state court. *See Branan*, 861 F.2d at 1508 (federal petition raised questions of state law where the court would have to conduct an examination of Florida case law and the Florida Rules of Criminal Procedure); *Bucklon*, 2006 WL 2990449, at *3 (petitioner's claim that trial court erroneously denied his motion for judgment of acquittal was a matter of state law not cognizable on federal review); *Miles v. Crosby*, No. 803CV1856T24MAP, 2005 WL 1459395, at *9 (M.D. Fla. June 18, 2005) ("Determination of whether or not the evidence in a state criminal carjacking trial is sufficient to establish the elements of intent or use of force that will withstand a judgment of acquittal is solely a matter of state law."). Simply put, this Court cannot reexamine the state court's determination of state-law questions.

of counsel violative of the Sixth Amendment can render "cause." *Murray v.
Carrier*, 477 U.S. 478, 487 (1986). But, an ineffective assistance of counsel
claim must generally be presented to the state courts as an independent
claim before it can be used to establish cause for a procedural default.
*Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (citing *Murray*, 477 U.S.
at 489). In such case, unless the prisoner can satisfy the cause and
prejudice standard for the procedurally defaulted ineffective assistance of
counsel claim, the ineffective assistance of counsel claim cannot serve as
cause for another procedurally defaulted claim. *Id.* at 453. To show
prejudice, the petitioner must show that there is at least a reasonable
probability that the result of the proceeding would have been different had
the constitutional violation not occurred. *Henderson v. Campbell*, 353 F.3d
880, 892 (11th Cir. 2003).

Second, the petitioner may show that enforcing the procedural
default would result in a fundamental miscarriage of justice. *Mize*, 532 F.3d
at 1190. To show a fundamental miscarriage of justice, the petitioner must
show that in light of new evidence, no reasonable juror would have
convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

In this case, Petitioner has failed to demonstrate cause and prejudice
for the default and has also failed to demonstrate a fundamental

miscarriage of justice. Petitioner fails to point to any specific external reason explaining why the constitutional nature of his claim was not presented in state court. *See Coleman*, 501 U.S. at 753 ("cause" must be something external to the petition that cannot fairly be attributed to him). Thus, the Court need not proceed to the issue of prejudice. *See Ward v. Hall*, 592 F.3d 1144 (11th Cir. 2010) ("It is well established that if the petitioner fails to show cause, we need not proceed to the issue of prejudice."). Similarly, Petitioner has not presented any new evidence upon which no reasonable juror would have convicted him. Petitioner, therefore, cannot demonstrate a fundamental miscarriage of justice to excuse his procedural default as to his federal constitutional claim. *See Mize*, 532 F.3d at 1190.

Alternatively, assuming *arguendo* Petitioner had properly exhausted this claim, Petitioner's claim is without merit. The Due Process Clause of the Fourteenth Amendment requires the State to prove each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 315 (1979). To determine whether evidence is sufficient to support a conviction pursuant to the right to due process, federal courts must look to state law for the substantive elements of the criminal offense, but to federal law to determine whether the evidence was sufficient under the Due

Process Clause. *Coleman v. Johnson*, 566 U.S. 650, 132 S. Ct. 2060, 2064 (2012). "Under *Jackson*, evidence is sufficient to support a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* at 2064 (quoting *Jackson*, 443 U.S. at 319)). The reviewing court should assume that the jury resolved all conflicting inferences against the defendant. *Jackson*, 443 U.S. at 326. "The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief." *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987). A federal habeas court may overturn the state appellate court's decision only if it was objectively unreasonable. *Johnson*, 132 S. Ct. at 2062. The state court's decision is entitled to considerable deference. *Id.* at 2065.

Here, Petitioner challenges the sufficiency of the evidence regarding his conviction for trafficking in cocaine. Florida law provides:

> Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine, as described in s. 893.03(2)(a)4, or of any mixture containing cocaine, but less than 150 kilograms of cocaine or any such mixture, commits a felony of the first degree, which felony shall be known as "trafficking in cocaine," punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 893.135(b)1. If the quantity involved, however, "[i]s 200 grams or more,

but less than 400 grams, such person shall be sentenced to a mandatory

minimum term of imprisonment of 7 years, and the defendant shall be

ordered to pay a fine of $100,000. § 893.135(b)1b.

The trial court provided the following instructions to the jury:

> To prove the crime of trafficking in cocaine the state must prove the following four elements beyond a reasonable doubt. The first, that Christopher Owens knowingly possessed a certain substance. Two, the substance was cocaine or a mixture containing cocaine. And three, the quantity of the substance involved exceeded 200 grams. And four, the defendant knew that the substance was cocaine.
>
> The term "possess" means to have personal charge of or exercise the right of ownership, management or control over the thing possessed.
>
> Possession may be actual or constructive. Actual possession means the thing is in the hand of or on the person, or the thing is in a container in the hand of or on the person, or the thing is so close as to be within ready reach and is under the control of the person.
>
> Mere proximity to a thing is not sufficient to establish control over that thing when the thing is not in a place over which the person has control.
>
> Constructive possession means the thing is in a place over which the person has control or is in which the person has concealed it. If a thing is in a place over which the person does not have control or in order to establish constructive possession the state must prove the person's control over the thing, knowledge that the thing was within the person's presence and the knowledge of the illicit nature of that thing.
>
> Possession may be joint. That is, two or more persons may jointly have possession of an article exercising control over it. In that case each of those persons is considered to be in possession of that article. If a person has exclusive possession

of a thing knowledge of its presence may be inferred or assumed. But if a person does not have exclusive possession of a thing, knowledge of its presence may not be inferred or assumed.

(ECF No. 14-2 at 258–60.)

At trial Mr. Jones testified that after he purchased the vehicle he immediately turned the vehicle over to Petitioner and never saw the vehicle again. (*Id.* at 191–93.) Petitioner exclusively possessed and drove the vehicle for approximately one year until he was arrested. (*Id.*)  Petitioner was the driver and sole occupant just prior to his arrest at the Save-A-Lot parking lot. (*Id.* at 184–85.) Petitioner traveled to the Save-A-Lot parking lot for purposes of engaging in a drug transaction with the CI. (*Id.* at 102–03, 106–07.) A search of the vehicle uncovered more than 250 grams of cocaine in a box located in plain view on the rear floorboard behind the driver and front passenger seat. (*Id.* at 155–56, 206.)

Viewing the evidence in the light most favorable to the State, a rational trier of fact could find that Petitioner knowingly possessed more than 200 grams of cocaine. *See State v. Odom*, 862 So. 2d 56, 59 ("As the sole occupant and driver of the vehicle, [defendant] had exclusive possession of the vehicle creating an inference of his dominion and control over the contraband contained therein particularly since the contraband

was found lodged between the driver's seat and the console of the car. . . .

. Likewise, knowledge of the presence of the contraband and its illicit

nature could be inferred or presumed because [defendant] was in exclusive

possession of the automobile when it was stopped."). Accordingly, even if

Petitioner had properly presented his due process claim to the state court

and the state court rejected the claim, the state court's rejection would be

neither contrary to nor an unreasonable application of clearly established

federal law. Ground six is therefore due to be denied.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue

or deny a certificate of appealability when it enters a final order adverse to

the applicant," and if a certificate is issued "the court must state the

specific issue or issues that satisfy the showing required by 28 U.S.C. §

2253(c)(2)." A timely notice of appeal must still be filed, even if the court

issues a certificate of appealability. Rule 11(b), Rules Governing Section

2254 Cases.

The undersigned finds no substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

473, 483–84 (2000). Therefore, the undersigned recommends that the

district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Petition for a writ of habeas corpus, ECF No. 1, should be **DENIED**, and a certificate of appealability should be **DENIED**.

**IN CHAMBERS** this 18th day of April, 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.