# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

CHRISTOPHER OWENS,

    Petitioner,

v.                                        CASE NO. 5:14cv266-RH/GRJ

SECRETARY, DEP'T OF
CORRECTIONS,

    Respondent.

_____/

## ORDER DENYING THE PETITION AND DENYING A CERTIFICATE OF APPEALABILITY

    This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 20, and the objections, ECF No. 25. I have reviewed de novo the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion, with two additional notes.

    First, the petitioner asserts his attorney rendered ineffective assistance when he referred to a witness—the female confidential informant who arranged the drug transaction at which the petitioner appeared and was arrested—as a "two-legged orifice." The reference was unprofessional, probably sexist, and could not have

been helpful. But to prevail on an ineffective-assistance claim, a petitioner must show both deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Especially in light of the overwhelming evidence of the petitioner's guilt, the defense attorney's language could not have affected the outcome. The state courts' rejection of this claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law, and the ruling was not based on an unreasonable determination of the facts in light of the state-court record. So under the Antiterrorism and Effective Death Penalty Act, the petitioner is not entitled to relief in this court. *See* 28 U.S.C. § 2254(d)(1)-(2).

Second, the petitioner says the attorney rendered ineffective assistance by failing to introduce evidence that the telephone the petitioner allegedly used when speaking to the confidential informant was not subscribed to the petitioner. Evidence of this would have been relevant and admissible. But there again is no reasonable possibility that this evidence would have affected the outcome. The petitioner is not entitled to relief on this claim.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack*

*v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has not made the required showing. This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

    1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The petition is denied with prejudice."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on June 30, 2017.

s/Robert L. Hinkle  
United States District Judge